# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

INTERNATIONAL UNION OF PAINTERS
AND ALLIED TRADES DISTRICT
COUNCIL NO. 78 HEALTH AND
WELFARE FUND, et al,

                        **Plaintiffs,**

-vs-                                  **Case No.  6:04-cv-463-Orl-28KRS**

GMI PROFESSIONAL SERVICES, INC.,
f/k/a GMI Construction Services, Inc.,
WILLIAM C. SNEED,

                        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR AWARD OF POST-JUDGMENT FEES AND COSTS (Doc. No. 46)** |
| **FILED:** | **June 26, 2006** |

## I.    PROCEDURAL HISTORY.

       On April 5, 2004, Plaintiffs International Union of Painters and Allied Trades District

Council No. 78 Health and Welfare Fund, through Terry Knowles as Trustee,  International Union

of Painters and Allied Trades Industry Pension Fund, through Gary J. Meyers as Trustee

(collectively, the "Trust Funds"), and International Union of Painters and Allied Trades District

Council No. 78 ("the Union"), filed a complaint against Defendants GMI Professional Services,

Inc. ("GMI"), and William C. Sneed, alleging violations of sections 502 and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, and section 301 of

the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Doc. No. 1.

The complaint was served on GMI and Sneed on July 13, 2004.  Doc. Nos. 10, 11. After

the defendants failed to respond, the plaintiffs moved for entry of a clerk's default with respect to

GMI and Sneed.  Doc. Nos. 14-15.  The Clerk of Court entered a default against both defendants

on September 8, 2004.  Doc. No. 16.

On January 27, 2006, the plaintiffs filed an Amended Motion for Entry of Final Default

Judgment.  Doc. No. 35.  The motion was granted on May 24, 2006.  Doc. No. 44.  On June 9,

2006,  the Court entered Default Judgment against GMI and Sneed.  Doc. No. 45.  The Default

Judgment provides:

> Pursuant to . . . 29 U.S.C. §§ 1132(g)(2) and 1145, the express terms of the
> [collective bargaining agreement] and the Plaintiff Trust Funds' Plan Documents,
> Plaintiffs are awarded costs incurred in this action and the recovery of reasonable
> professional fees, including attorney's fees, in an amount to be determined upon
> motion in post-judgment proceedings pursuant to the Federal Rules of Civil
> Procedure and the Middle District of Florida Local Rules . . . .

*Id*. at 4 (internal citations omitted).

The plaintiffs timely filed the present motion for an award of attorneys' fees and costs.

Doc. No. 46.  In support of this motion, the plaintiffs filed  the Declaration of Robert A. Miles,

doc. no. 46-2 (Miles Decl.), time sheets setting forth the hours worked by Miles, and a bill of costs

incurred in this case, doc. no. 46-3, and the Declaration of Sanford G. Rosenthal, which includes

time sheets for work performed by Rosenthal, doc. no. 46-4 (Rosenthal Decl.).

## II.       STANDARD OF REVIEW.

The Court must award reasonable attorney's fees and costs of the action to an ERISA plan that prevails in an action brought under 29 U.S.C. § 1132(g)(2) to recover delinquent payments. *Carriers Container Council, Inc. v. Mobile S.S. Ass'n, Inc.*, 896 F.2d 1330, 1346 (11th Cir. 1990). An award of attorney's fees and costs is mandatory under the statute. *Id.* Additionally, the Trust Funds' Plan Documents, as incorporated in the collective bargaining agreements, allow for the recovery of all costs and other expenses, including attorney's fees, incurred in any effort to collect delinquent payments, even if litigation is not pursued. Doc. No. 42, Ex. 4 at 4, Ex. 5 at 16. *See Plumbers and Pipefitters Local 507 v. Robert Carlson Plumbing, Inc.*, No. 92 C 1859, 1993 WL 35063, at *2 (N.D. Ill. Feb. 11, 1993) ("Nothing in 29 U.S.C. § 1132(g)(2) limits awards to fees incurred *after* a complaint is filed. Fees must always be incurred before filing a complaint in order to comply with the investigation requirement of [Federal Rule of Civil Procedure] 11."), *aff'd in part*, 14 F.3d 604 (7th Cir. 1994).

Any award of fees must be supported by sufficient evidence as explained in *Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir. 1988). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman*, 836 F.2d at 1299-1302. The lodestar method applies in actions brought under 29 U.S.C. § 1132(g)(2). *See, e.g.*, *Bd. of Tr. of Hotel and Rest. Employees Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998); *Bldg. Serv. Local 47*

*Cleaning Contractors Pension Plan v. Grandway Raceway*, 46 F.3d 1392, 1401-02 (6th Cir. 1995).

A reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433.

"[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303; *see also Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (holding that fee applicants must provide "fairly definite information" concerning activities performed by each attorney). "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman*, 836 F.2d at 1301-02. Fee applicants must exercise billing judgment, which means "they must exclude from their fee applications excessive, redundant, or otherwise unnecessary" hours. *Barnes*, 168 F.3d at 428.

It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Serv's, Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

**III.   ANALYSIS.**

    *A.   Attorney's Fees.*

The plaintiffs seek an award of $26,320.00 for work performed by Robert A. Miles, based on an hourly rate of $200.00 for 131.6 hours of work.  Miles Decl. ¶ 6.  Miles has been admitted to practice in Florida since 1979.  *Id.* ¶ 4.  A substantial portion of his practice is dedicated to representing employee benefit plan trust funds in both ERISA and LMRA litigation.  *Id.*  He has been certified by the Labor and Employment Section of the Florida Bar.  *Id.*  I find that the hourly rate requested is reasonable in light of Miles's experience and the work he performed in this matter.

A review of the time sheets submitted by the plaintiffs indicates that Miles worked for 5.1 hours before beginning the draft of the complaint.  These hours appear reasonably related to efforts to collect the delinquent contributions owed the plaintiffs.  The remainder of the hours worked by Miles are related to drafting the complaint, litigating this case, or otherwise pursuing collection of delinquent contributions for the plaintiffs.  Because the Trust Funds' Plan Documents allow for the recovery of attorney's fees reasonably incurred in collecting delinquent contributions, and in the absence of objection, I find that all of the hours claimed by Miles are compensable.

The plaintiffs also seek an award of $840.00 for work performed by Sanford G. Rosenthal, based on an hourly rate of $200.00 for 4.2 hours of work.  Rosenthal is Associate General Counsel for the International Union of Painters and Allied Trades Industry Pension Fund. Rosenthal Decl.

¶ 1.  Rosenthal has been admitted to the Pennsylvania Bar since 1983, and the District of Columbia Bar since 2002.  *Id*. ¶ 2.  He has represented employee benefit plans since 1983.  *Id.*  I find that the hourly rate requested is reasonable in light of Rosenthal's experience and the work he performed in this matter.

The descriptions of the work performed by Rosenthal reflect that his work was simply oversight of the work of Mr. Miles and communication with the client.  He also spent some time preparing his affidavit in support of the request for his attorney's fees.  While the client may have appreciated Mr. Rosenthal's oversight of the litigation, the information presented is insufficient to establish that Mr. Rosenthal's work contributed to the progress of the litigation.  Accordingly, I recommend that his time not be compensated.  *See Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)(A proper exercise of "billing judgment" means that the fee applicant has excluded "excessive, redundant, or otherwise unnecessary [hours].").

Accordingly, I recommend that the plaintiffs be awarded $26,320.00 in attorneys fees.

B.      *Costs.*

The plaintiffs seek $1,230.69 in costs.  Miles Decl. ¶ 5a.  The Trust Funds' Plan Documents permit the recovery of all costs related to collection of delinquent contributions.  Doc. No. 42, Ex. at 4, Ex. 5 at 16.  Therefore, it is appropriate to award all costs that are reasonably related to efforts to collect the delinquent contributions.  After review of the expense records, I recommend that the Court find, in the absence of objection, that they were necessarily incurred.

**IV.    RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the Motion for Award of Post-Judgment Fees and Costs, doc. no. 46, be **GRANTED in part and DENIED in part**. I recommend that the plaintiffs be awarded $26,320.00 in attorneys' fees and $1,230.69 in costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 18, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy